UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANK ORLANDO WELLS,

    Plaintiff,

v.

SANTA CLARA COUNTY
MEDICAL CENTER; et al.,

    Defendants.

No. C 08-174 MHP (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Frank Orlando Wells, an inmate at the Santa Clara County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

Wells alleged the following in his complaint about medical care problems he had encountered at the county jail since his arrival in August 2007. Shortly after his arrival at the jail, he developed bronchitis and that later became pneumonia. He filed numerous requests to see a doctor but was not seen by a doctor. He still suffers from his respiratory ailment. Wells also has developed a skin rash as an allergic reaction to his psychotropic medication and has been denied care for it despite his numerous requests.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint is deficient in that it does not link any defendant to plaintiff's claims. Plaintiff alleges that he has unmet medical needs, but that is not sufficient to state a legal claim against any particular defendant. Usually, a § 1983 plaintiff names as defendants the individual state actors who allegedly wronged him. To do so, plaintiff should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

As to the municipal and supervisory defendants, plaintiff needs to expand his allegations if he wants to state a claim against them. The municipality can be a "person" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978), but a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see id. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that the policy amounted to deliberate indifference to the plaintiff's constitutional

right; and (4) that the policy was the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (citation omitted). A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted), cert. denied, 502 U.S. 1074 (1992). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must make the necessary allegations in his amended complaint if he wishes to keep the municipality and supervisory defendants as defendants.

In his amended complaint, plaintiff also should identify his status at the time he allegedly was denied medical care, e.g., whether he was a pretrial detainee, had been convicted, or was serving a parole violation term. This information is necessary so that the court can identify the constitutional basis of the claims. When the inmate is a pretrial detainee rather than a convict, his claim arises under the Fourteenth Amendment rather than the Eighth Amendment, although the Eighth Amendment would serve as a benchmark for evaluating the claim. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees). The elements of a constitutional claim are essentially the same for a pretrial detainee and convict, however: the inmate must allege (1) a serious medical need and (2) deliberate indifference to that need by prison or jail officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

## CONCLUSION

The complaint fails to state a claim upon which relief may be granted against any defendant and is DISMISSED with leave to amend. The amended complaint must be filed no later than **October 31, 2008**, and must include the caption and civil case number used in

this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

DATED: September 23, 2008

Marilyn Hall Patel
United States District Judge